**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4524**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

NORBERTO QUINONES, a/k/a Jose Rosado, a/k/a "J",

          Defendant - Appellant.

---

**No. 07-4525**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SEAN ADONIS SIMPSON,

          Defendant - Appellant.

---

**No. 07-4667**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LIONEL DEWAYNE GILLIAM, a/k/a Lionel Dewayne Gillium,

Defendant - Appellant.

––––––––––––––––––

Appeals from the United States District Court for the District of Maryland, at Greenbelt.   Roger W. Titus, District Judge. (8:04-cr-00234-RWT)

––––––––––––––––––

Submitted:  March 18, 2010                    Decided:  May 21, 2010

––––––––––––––––––

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

––––––––––––––––––

Affirmed by unpublished per curiam opinion.

––––––––––––––––––

Joseph Roll Conte, Washington, D.C.; Parks N. Small, Federal Public Defender, Columbia, South Carolina; William B. Purpura, Jr., Baltimore, Maryland, for Appellants.   Rod J. Rosenstein, United States Attorney, Deborah A. Johnston, Michael Pauzé, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

––––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this consolidated appeal, Norberto Quinones appeals his convictions of conspiracy to distribute marijuana and crack cocaine, in violation of 21 U.S.C. § 841 (2006) (Count 1); conspiracy to possess firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006) (Count 2); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Counts 3 and 4); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 5).

Sean Simpson appeals his convictions of conspiracy to distribute marijuana and crack cocaine, in violation of 21 U.S.C. § 841 (Count 1); conspiracy to possess firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 2); possession and discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 8); conspiracy to commit carjacking, in violation of 18 U.S.C. § 2119 (2006) (Count 9); carjacking, in violation of 18 U.S.C. § 2119 (Counts 10 and 14); possession and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 11 and 15); murder, in violation of 18 U.S.C. § 924(j) (2006) (Count 16); and possession of a firearm by an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3) (Count 22).

Lionel Gilliam appeals his convictions of conspiracy to distribute marijuana and crack cocaine, in violation of 21 U.S.C. § 841 (Count 1); conspiracy to possess firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count 2); possession and discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 6, 8, 17, 19); murder, in violation of 18 U.S.C. § 924(j) (Counts 7, 16, 18, 20); conspiracy to commit carjacking, in violation of 18 U.S.C. § 2119 (Count 9); carjacking, in violation of 18 U.S.C. § 2119 (Counts 12, 14); possession and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 13, 15); and possession of a firearm by an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3) (Count 21).

## I.   Quinones's issues

### A.   Joinder of Defendants

Quinones raises two related issues on appeal.  First, Quinones contends that the district court erred in denying his motion for a separate trial.  Quinones argues that, as he was not charged with any of the violent crimes with which the other two Defendants were charged, he was greatly prejudiced by the admission of evidence of such crimes in his trial, as this

4

evidence would not have been admissible against him had he been tried alone.

We review de novo whether the initial joinder of defendants was proper under Fed. R. Crim. P. 8. United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003). However, even if initial joinder was proper, Fed. R. Crim. P. 14 provides for severance where joinder "appears to prejudice a defendant or the government." This court reviews a district court's refusal to sever for abuse of discretion. Mackins, 315 F.3d at 412. The burden of demonstrating prejudice lies with the party seeking severance. See United States v. Branch, 537 F.3d 328, 341 (4th Cir. 2008).

Here, Quinones makes no argument that initial joinder was improper under Rule 8. Therefore, we review the district court's denial of Quinones's pretrial severance motion for abuse of discretion. A court abuses its discretion "only where the trial court's decision to deny a severance deprives the defendants of a fair trial and results in a miscarriage of justice." United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007). There is no miscarriage of justice where "the verdicts demonstrate that the jury meticulously sifted through the evidence and appraised the independent evidence against each defendant." United States v. Ford, 88 F.3d 1350, 1361 (4th Cir. 1996). After reviewing the record, we find that Quinones fails

to demonstrate that the district court's refusal to grant his severance motion deprived him of a fair trial or resulted in a miscarriage of justice. Accordingly, this issue is without merit.

B.   Joinder of conspiracy and carjacking charges

Next, Quinones contends that the conspiracy and carjacking charges were improperly joined under Rule 8(b) of the Federal Rules of Criminal Procedure. Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

We review de novo whether offenses in an indictment are properly joined. United States v. Cardwell, 433 F.3d 378, 384-85 (4th Cir. 2005). Joinder is proper where the offenses have a logical relationship with one another. Id. at 385. A logical relationship exists "when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." Id. Having reviewed the record, we find that the carjacking and narcotics charges were properly joined, and this issue is similarly without merit.

II. Simpson's and Gilliam's issues

A. Admission of Iesha Johnson's testimony

In their first issue, Simpson and Gilliam contend that the district court erred in allowing the grand jury testimony of Iesha Johnson, in the form of an audio tape and a transcript, to be introduced as trial exhibits. Though Simpson and Gilliam concede that the evidence was admissible under Fed. R. Evid. 801(d)(1)(A) (prior inconsistent statement), they nevertheless contend that allowing the statement to be included in various forms as exhibits at trial was unfairly prejudicial, in violation of Fed. R. Evid. 403. We review a district court's evidentiary rulings for abuse of discretion. United States v. Kelly, 510 F.3d 433, 436 (4th Cir. 2007).

Under Rule 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." However, the record reflects that the district court properly considered the probative versus prejudicial value of the evidence when allowing it to be submitted to the jury as an exhibit. Accordingly, we find that the district court did not abuse its discretion in allowing admission of Johnson's grand jury testimony.[*]

---

[*] Though not fully addressed in the Defendants' original brief, Defendants argue in their reply brief that the district court erred in allowing Iesha Johnson's statement to the police
(Continued)

7

B.    Cross-examination of Iesha Johnson

During cross-examination, Gilliam's counsel twice sought to question Johnson as to the reason her grand jury testimony differed from her trial testimony.  The Government objected each time, contending that the question was inconsistent with Johnson's testimony on direct examination that she never appeared before the grand jury.  The judge sustained each objection.  On appeal, Gilliam and Simpson assert that denying their counsel the opportunity to inquire into the inconsistency deprived them of their Sixth Amendment right to cross-examine Johnson.

We review a trial court's limitations on a defendant's cross-examination of a witness for abuse of discretion.  United States v. Smith, 451 F.3d 209, 220 (4th Cir. 2006).  If a constitutional error is demonstrated, it is then subjected to harmless-error analysis.  See Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986).  Though the Sixth Amendment guarantees the accused the right to cross-examine witnesses against him, such a right is not unlimited.  See id. at 678-79.  Instead, "trial

---

to be admitted as a jury exhibit, in violation of Fed. R. Evid. 803(5).  However, as this issue was not articulated in Defendants' original brief, it is not properly before us on appeal.  Cavallo v. Star Enterprise, 100 F.3d 1150, 1152 n.2 (4th Cir. 1996).

judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id. After reviewing the record, we find that the district court did not unreasonably limit Gilliam's cross-examination of Iesha Johnson.

C.   Joinder of drug and carjacking charges

Finally, Simpson and Gilliam contend that the district court erred in refusing to sever the carjacking counts from the narcotics charges. However, for the same reasons stated in section I.B., above, we find that the carjacking and narcotics charges were properly joined. Therefore, Simpson's and Gilliam's claims are without merit.

Accordingly, we affirm the judgment of the district court and deny Quinones's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED